# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit
**FILED**
April 18, 2017
Lyle W. Cayce
Clerk

No. 15-51241

CLEOPATRA DELEON; NICOLE DIMETMAN; VICTOR HOLMES; MARK PHARISS,

Plaintiffs - Appellees

v.

GREG ABBOTT, in his official capacity as Governor of the State of Texas; KEN PAXTON, in his official capacity as Texas Attorney General; JOHN HELLERSTEDT, in his official capacity as Commissioner of the Texas Department of State Health Services,

Defendants - Appellants

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:13-CV-982

Before DAVIS, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Cleopatra DeLeon, Nicole Dimetman, Victor Holmes, and Mark Phariss were awarded $585,470.30 in attorneys' fees and $20,202.90 in costs arising from their successful challenge to Texas's constitutional and statutory

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

provisions limiting marriage to opposite-sex couples. On appeal, Texas argues that the fees and costs awarded are excessive and are composed of non-compensable amounts. We find no abuse of discretion and AFFIRM.

I.

The plaintiffs were successful in obtaining a judgment invalidating Article I, § 32 of the Texas Constitution and Texas Family Code §§ 2.001(b) and 6.204(b), which limited marriage in Texas to opposite-sex couples. Following the Supreme Court's decision in *Obergefell v. Hodges*, 135 S.Ct. 2584 (2015), recognizing a constitutional right to same sex marriage, this court affirmed the district court's preliminary injunction and directed the judgment be entered in plaintiffs' favor.

After judgment was entered, plaintiffs sought to recover their attorney's fees under 42 U.S.C. § 1988 and costs under Federal Rule of Civil Procedure 54.

II.

We review awards of attorney's fees "for abuse of discretion, reviewing factual findings for clear error and legal conclusions *de novo*." *Davis v. Abbott*, 781 F.3d 207, 213 (5th Cir.), *cert. denied,* 136 S. Ct. 534 (2015). The reasonableness of attorney rates and hours expended are questions of fact reviewed for clear error. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). A district court abuses its discretion if its award is "based on an erroneous view of the law or a clearly erroneous assessment of the evidence." *Walker v. City of Bogalusa*, 168 F.3d 237, 239 (5th Cir. 1999) (internal quotation marks omitted).

As we have said before, "[w]e cannot overemphasize the concept that a district court has broad discretion in determining the amount of a fee award." *Associated Builders & Contractors of La., Inc. v. Orleans Par. Sch. Bd.*, 919

F.2d 374, 379 (5th Cir. 1990). Our deferential review is "'appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.'" *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)); *see also Cantu Servs., Inc. v. Frazier, et al.*, No. 16-31035, 2017 WL 1089508, at *2 (5th Cir. Mar. 22, 2017) ("'Due to the district court's superior knowledge of the facts and the desire to avoid appellate review of factual matters, the district court has broad discretion in setting the appropriate award of attorney['s] fees.'") (quoting *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993); *Hopwood v. Texas*, 236 F.3d 256, 277 (5th Cir. 2000) ("Appellate courts have only a limited opportunity to appreciate the complexity of trying any given case and the level of professional skill needed to prosecute it."). However, this deferential review is appropriate only if the district court "'provide[s] a concise but clear explanation for its reasons for the fee award.'" *Associated Builders*, 919 F.2d at 379 (quoting *Hensley*, 461 U.S. at 437) (alteration in original).

Under Federal Rule of Civil Procedure 54, a prevailing party may recover its costs. *See* Fed. R. Civ. P. 54(d)(1); 28 U.S.C. § 1920 (delineating recoverable costs). Moreover, under 42 U.S.C. § 1988, a prevailing party may also recover "[a]ll reasonable out-of-pocket expenses, including charges for photocopying, paralegal assistance, travel, and telephone . . . because they are part of the costs normally charged to a fee-paying client." *Associated Builders*, 919 F.2d at 380. The award and calculation of costs and expenses are committed to the district court's discretion, though expenses that "are extravagant or unnecessary" must be disallowed. *Curtis v. Bill Hanna Ford, Inc.*, 822 F.2d 549, 553 (5th Cir. 1987).

III.

The district court's order reflects that it carefully reviewed the plaintiffs' claim for attorney's fees and costs under the proper legal standards. It also carefully considered the state's many objections to the plaintiffs' claimed fees and costs. After considering those objections, the district court accepted a substantial 35 percent reduction in the total hours expended to account for non-compensable time and determined that the remaining hours were both reasonable and reasonably expended. *See Kellstrom*, 50 F.3d at 324. We recently reiterated that, "[i]n determining reasonable attorney's fees, the district court is not required 'to achieve auditing perfection,' as '[t]he essential goal in shifting fees (to either party) is to do rough justice.'" *Cantu*, 2017 WL 1089508, at *4 (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)) (second alteration in original). Instead, "[d]istrict courts may 'take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.'" *Id.* (quoting *Fox*, 563 U.S. at 838). As the Supreme Court has warned, "trial courts need not, and indeed should not, become green-eyeshade accountants." *Fox*, 563 U.S. at 838.

Here, we find that the district court acted well within its broad discretion in making the appropriate reductions and reasonableness determinations. *See id*. ("We can hardly think of a sphere of judicial decisionmaking in which appellate micromanagement has less to recommend it."). In sum, after a careful review of the record, we are satisfied that the district court acted well within its discretion in its award of fees and costs.

AFFIRMED.

JENNIFER WALKER ELROD, Circuit Judge, concurring in part and dissenting in part:

I agree that the bulk of the fee award should be affirmed. However, the district court awarded fees for tasks that are not, in my view, compensable. The majority opinion erroneously affirms the award for these non-compensable tasks, and in so doing it ignores our precedent and creates at least one, and arguably more, circuit splits. Because I would remand for the district court to exclude fees based on non-compensable tasks, I respectfully dissent.

**I.**

Section 1988 authorizes district courts to award a "prevailing party" its "reasonable attorney's fee[s]." 42 U.S.C. § 1988(b). Plaintiffs sought recovery for 1706.8 hours of attorney time. Though they voluntarily excluded roughly 35 percent of the time expended on the litigation, a portion of their fee request was composed of time expended in relation to: (1) a failed motion to intervene; (2) Plaintiffs' counsels' interactions with the media; and (3) Plaintiffs' counsels' interactions with amici. Despite Texas's objections, the district court awarded fees for all requested time. Simply put, Section 1988 does not authorize recovery for any of these categories of tasks and they should have been excluded.

**A.**

First, the district court awarded compensation for time expended in relation to a failed third-party motion to intervene. The majority opinion affirms this award, but violates our rule of orderliness by failing to follow, or even address, our precedent prohibiting recovery for intervention-related time and simultaneously creates a circuit split on this issue.

In *Hopwood v. Texas*, 236 F.3d 256 (5th Cir. 2000), we considered the prevailing plaintiffs' argument that it was entitled to recover fees for time

expended opposing a motion to intervene. *Id.* at 280. In affirming the district court's exclusion of these fees, we noted that Texas (the defendant in that case) had "remained neutral on the intervention issue," and so it was not adverse to the plaintiff on this issue. *Id.* Given this, we concluded that "the Plaintiffs did not 'prevail' on [the intervention] issue vis-à-vis Texas." *Id.* ("Plaintiffs elected to oppose intervention and they were successful—but not against Texas: They succeeded against the putative intervenors in a case instituted by Plaintiffs, not by Texas.").[1] *Id.* Of course, whether a plaintiff "prevails" is not simply a factor relevant to the district court's discretion; it is a statutory prerequisite to obtaining a fee award. *See* 42 U.S.C. § 1988(b). And so, having concluded that the plaintiffs were not "prevailing parties" on this issue, we affirmed the district court's exclusion.

*Hopwood* prohibits awarding intervention-related fees in this case. As in *Hopwood*, Texas took no position on the motion to intervene, and so Plaintiffs did not "prevail on this issue vis-à-vis Texas." *Hopwood*, 236 F.3d at 280. Thus, the same basis for affirming the district court's exclusion of such fees in *Hopwood*—absence of prevailing-party status—prohibits an award of intervention-related fees in this case. As was true in *Hopwood*, "[n]either logic nor equity supports taxing Texas under these circumstances." *Id.* This is all

[1] In *Hopwood*, we recognized that two other circuits have extended the Supreme Court's decision in *Independent Federation of Flight Attendants v. Zipes*, 491 U.S. 754, 761 (1989)—holding that recovery of fees from an intervenor are not permitted unless the intervention is frivolous, unreasonable, or without foundation—to prohibit "the award of fees to prevailing plaintiffs from the pockets of losing defendants when the fees are based on interventions by third-parties." *Hopwood*, 236 F.3d at 280; *see Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 176–78 (4th Cir. 1994) ("Under the Supreme Court decision in *Zipes*, we are required to hold that the intervention-related fees and expenses in question here are not recoverable under 42 U.S.C. § 1988 by a prevailing plaintiff against a losing defendant."); *Bigby v. City of Chicago*, 927 F.3d 1426, 1428–29 (7th Cir. 1991). *Hopwood* did not reach this issue. *See* 236 F.3d at 280.

the more true here given that Plaintiffs have not argued that intervention-related fees are recoverable. Despite this, the majority opinion affirms the award with nary a mention of *Hopwood*. *Cf. United States v. Fields*, 777 F.3d 799, 807 (5th Cir. 2015) ("Under our rule of orderliness, one panel may not overrule the decision of a prior panel absent an intervening change in the law . . . .").

Not only does the majority opinion depart from our precedent, it creates a split with at least one other circuit. In *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169 (4th Cir. 1994), the Fourth Circuit considered a district court's exclusion of attorneys' fees "incurred in opposing [a third-party's] intervention."[2] *Id.* at 176. Affirming this exclusion, the Fourth Circuit held that "intervention-related fees and expenses . . . are not recoverable . . . by a prevailing plaintiff against a losing defendant." *Id.* at 178. The majority opinion is at odds with *Rum Creek*. Yet despite our normal hesitation to contradict one of our sister circuits, the majority opinion does so without explanation. *See Home Port Rentals, Inc. v. Int'l Yachting Grp., Inc.*, 252 F.3d 399, 407 (5th Cir. 2001) ("Moreover, we are reluctant to create a circuit split by holding differently . . . .").

Because our precedent prohibits recovery for these fees, I would reverse the district court's award for intervention-related time.

**B.**

Second, the district court awarded fees for time expended interacting with the media, and the majority opinion affirms. Because time spent interacting with the media is not compensable under Section 1988, I would hold that the district court abused its discretion.

---

[2] *Rum Creek* based its holding on its interpretation of *Zipes*. *See* 31 F.3d at 176–78.

It is well-established that § 1988 allows a prevailing party to recover their reasonable attorneys' fees, composed of a reasonable rate and "the number of hours reasonably expended *on the litigation*." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (emphasis added). Though we have never expressly disallowed fees for time spent interacting with the media, we have noted before that we are "chary about granting requests for media fees," *Hopwood*, 236 F.3d at 280, and have affirmed exclusions of media-related time precisely because time interacting with the media is not, in the mine-run of cases, "expended on the litigation." *Hensley*, 461 U.S. at 433; *accord Watkins v. Fordice*, 7 F.3d 453, 458 (5th Cir. 1993) (affirming district court exclusion of "time spent holding press conferences"); *Hopwood*, 236 F.3d at 280.

Our chariness in awarding fees for media-related activities is not unique. Two of our sister circuits have disallowed fees for such tasks. In *Davis v. San Francisco*, 976 F.2d 1536 (9th Cir. 1992), *reh'g denied, vacated in part, and remanded*, 984 F.2d 345 (9th Cir. 1993), the Ninth Circuit held that time expended on "press conferences and public relations" was compensable only when it "is directly and intimately related to the successful representation of a client." *Id.* at 1545; *see id.* (media-related time compensable only when prevailing party demonstrated that it "contribute[d], directly and substantially, to the attainment of [its] litigation goal"). Similarly, in *Rum Creek*, the Fourth Circuit (though declining to adopt the Ninth Circuit's rule) concluded that "[t]he legitimate goals of litigation are almost always attained in the courtroom, not in the media." 31 F.3d at 176. And so the court disallowed the media-related fees at issue there because they were not "aimed . . . at achieving litigation goals." *Id.*

Under any standard, the awarding of media-related fees in this case is improper: Plaintiffs have offered no explanation for how the media-related

tasks included in the fee award were "directly and intimately related to [their] successful representation," *Davis*, 976 F.2d 1545, or were "aimed at achieving [their] litigation goals." *Rum Creek*, 31 F.3d at 176 (alteration omitted). I would therefore hold that because Plaintiffs have failed to demonstrate how the media-related time included in the fee award was "expended on the litigation" *Hensley*, 461 U.S. at 433, they should not recover fees for that time. *Accord Watkins*, 7 F.3d at 458 (affirming exclusion of media-related time where the district court's opinion stated that time spent on press conferences is not spent on the litigation and where "[prevailing party] did not present any evidence regarding the efficacy of the press conferences").

The Plaintiffs have not argued that media-related time is compensable; in fact, they *concede* that it is not. Instead, they defend the district court's award of these fees because: (1) the media-related activities are a small portion of the tasks included in the relevant entries; and (2) Plaintiffs excluded 35 percent of time expended from their fee request.

Neither argument justifies affirmance. First, it may well be true that the relevant time entries "contain much more detailed information on legal work performed by the attorney(s) during that time"; but the fact that *most* of the time is compensable is not a license to award non-compensable time as well, even if a small amount. Second, it is irrelevant that Plaintiffs chose to exclude numerous entries containing non-compensable time from their fee request. The district court's task is not only to ensure that "the *total* hours claimed are reasonable," but also that the "*particular* hours claimed were reasonably expended." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 325 (5th Cir. 1995) (emphasis added).[3] Non-compensable tasks do not somehow become

[3] To the extent the majority opinion states that the district court reduced the fee request by 35 percent, that assertion is inaccurate. As noted, it was Plaintiffs that chose to

compensable simply because a plaintiff voluntarily elects to exclude compensable, along with non-compensable, hours from its fee request.[4]

**C.**

Finally, the district court included in its fee award time spent in connection with supporting amici. Contrary to the majority opinion, I would hold that a prevailing party may not recover fees for time expended soliciting or coordinating with supporting amici, or reviewing amicus briefs before they are filed.

In *Glassroth v. Moore*, 347 F.3d 916 (11th Cir. 2003), the Eleventh Circuit considered whether a party could recover under Section 1988 for work done "in relation to a number of amicus briefs filed in support of plaintiffs' position," including time enlisting organizations to appear as amici, suggesting

---

withhold 35 percent of the fees incurred from their request. Despite this, the fact remains that intervention-related, media-related, and amici-related time were included in the fee request that was ultimately submitted to the district court. Neither the Plaintiffs nor the district court deducted these improperly submitted items from the total fees awarded.

[4] The ability to assess the reasonableness of a fee request is greatly undermined by the practice of billing multiple discrete tasks under a single time designation—so-called "block-billing." This practice was heavily utilized by Plaintiffs' counsel in this case. We have held that a party seeking an attorneys' fee award must produce documentation that is "sufficient for the court to verify that the applicant has met its burden of establishing an entitlement to a specific award." *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1044 (5th Cir. 2010); *La. Power & Light Co.*, 50 F.3d at 325 (supporting documentation must be "adequate to determine reasonable hours"). At first blush, block-billing appears to be in tension with this standard, as district courts must not only assess whether the total amount of time spent is reasonable, but also "whether *the particular hours claimed* were reasonably expended." *La. Power & Light Co.*, 50 F.3d at 325 (emphasis added). Nevertheless, we have stated that "failing to provide contemporaneous billing statements does not preclude an award of fees *per se*, as long as the evidence produced is adequate to determine reasonable hours." *Gagnon*, 607 F.3d at 1044.

The upshot of this jurisprudence is that litigants take their chances in submitting fee requests containing block-billed entries and will have no cause to complain if a district court reduces the amount requested on this basis. *See, e.g., Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) ("We do not quarrel with the district court's authority to reduce hours that are billed in block format."); *Lahiri v. Univ. Music & Video Dist. Corp.*, 606 F.3d 1216, 1223 (9th Cir. 2010) (affirming reduction of 30 percent for block-billed entries).

potential signatories for the briefs, working on, supervising, and reviewing the amicus briefs, and seeing that they were mailed on time. *Id.* at 918–19. The Eleventh Circuit reasoned that because amici are not entitled to attorneys' fees as a "prevailing party," it would not allow this result to be changed "by the simple expedient of having counsel for a party do some or all of the amicus work." *Id.* Consequently, the court held that district courts "should not award plaintiffs any attorney's fees or expenses for work done in connection with supporting amicus briefs." *Id.*

I agree with the approach taken by our sister circuit. Only prevailing parties may recover under Section 1988, and amici are not parties. *See* 42 U.S.C. § 1988(b). To allow a party to recover for soliciting and coordinating with amici would facilitate easy circumvention of this rule.[5] *See Glassroth*, 347 F.3d at 919; *see also Bishop v. Smith*, 112 F. Supp. 3d 1231, 1246 (N.D. Okla. 2015) ("[P]re-filing activities must be carefully scrutinized and are not compensable if they constitute brainstorming potential amici, strategizing regarding potential amici, coordinating potential amici, soliciting potential amici, or drafting/editing an amicus brief."). Accordingly, I would hold that prevailing parties may not recover fees for time expended soliciting or coordinating with supporting amici, or reviewing amicus briefs *before* they are filed. This restriction ensures the integrity of Section 1988's limitation, while

[5] Plaintiffs rely on two district court opinions from other jurisdictions which allowed recovery under § 1988 for time spent soliciting and coordinating with amici. *See EEOC v. Freeman*, 126 F. Supp. 3d 560, 577–78 (D. Md. 2015); *Bourke v. Beshear*, No. 3:13-cv-750, 2016 WL 164626, at *6 (W.D. Ky. Jan. 13, 2016) (allowing recovery for time expended "for the solicitation of amicus briefs"). Other district court opinions have likewise permitted such recovery. *See Riter v. Moss & Bloomberg, Ltd.*, No. 96 C 2001, 2000 WL 1433867, at *5 (N.D. Ill. Sept. 26, 2000) (allowing recovery for working with amici under fee-shifting provision in 15 U.S.C. § 1692k(a)(3)); *Watson v. E.S. Sutton, Inc.*, No. 02 CV 2739, 2007 WL 2245432, at *4 (S.D.N.Y. Aug. 3, 2007). None of these decisions are binding or persuasive.

allowing for recovery in those instances where amici-related work is necessary to the adequate representation of a client.[6]

The attorneys' fee award in this case undoubtedly contains time that is non-compensable under the Eleventh Circuit's approach. The majority opinion, however, offers no explanation for its affirmance of these fees, nor does it attempt to justify the circuit split it creates with the Eleventh Circuit.[7]

## II.

I am no more interested in nickel and diming attorneys' fee awards than is the majority opinion. We defer to the district court in this context precisely because it is better positioned to assess the reasonableness of a fee request and to avoid converting requests for attorneys' fees into "a second major litigation." *Hensley*, 461 U.S. at 437. For this reason, I agree that the bulk of the fee award should be affirmed. But deference is not a blank check: where the district court

[6] For example, I agree that a prevailing party should be permitted to recover fees for time spent reviewing and responding to opposing amicus briefs, a point the parties do not dispute. *See Glassroth*, 347 F.3d at 919; *see also Sharpe Holdings, Inc. v. U.S. Dep't of Health & Human Servs.*, No. 2:12-cv-92, 2015 WL 3773426, at *6 (E.D. Mo. June 17, 2015) (allowing recovery for time spent responding to opposing amicus brief); *North Dakota v. Heydinger*, No. 11-cv-3232, 2016 WL 5661926, at *24 (D. Minn. Sept. 29, 2016) ("Plaintiffs are entitled to a reasonable amount of fees for time spent responding to those opposing amicus briefs."). Unlike awarding fees for coordinating with supporting amici, awarding fees for responding to opposing amici does not undermine Section 1988's limitation that only prevailing parties may recover their fees. The same is true as to time spent reviewing supporting amicus briefs after they have been filed. *See Bishop*, 112 F.3d at 1246. "Supporting amicus briefs often raise new arguments or policy considerations, and review may be necessary to prepare for oral argument." *Id.* at 1245. So, too, a prevailing party should be permitted to recover fees for time spent in connection with amicus briefs required by federal rule or otherwise. For example, Federal Rule of Appellate Procedure 29 provides that prospective amici may file a brief only "by leave or court or if the brief states that all parties have consented to its filing." Fed. R. App. P. 29(a)(2).

[7] Under the federal rules, an amici must indicate whether "a party's counsel authored the brief in whole or in part." Fed. R. App. P. 29(a). The vast majority, if not all, of supporting amici indicated in their briefs that Plaintiffs' counsel did not author any portion of their brief. Nonetheless, Plaintiffs now seek recovery for time expended coordinating with supporting amici.

has awarded fees for non-compensable tasks, we should correct the error. The majority opinion unfortunately declines to do so, and in the process it ignores our binding precedent and generates at least one circuit split, and arguably more—all without explanation. I respectfully dissent.[8]

---

[8] Texas also challenged the award of *pro hac vice* fees as "costs" under Fed. R. Civ. P. 54 and 28 U.S.C. § 1920. We have not yet decided whether *pro hac vice* fees are recoverable. *See, e.g.*, *Obey v. Frisco Medical Ctr. LLP*, No. 4:13-cv-656, 2015 WL 1951581, at *2 (E.D. Tex. Apr. 29, 2015). Moreover, some of our sister circuits are divided on this issue. *Compare Kalitta Air LLC v. Central Tex. Airbore Sys. Inc.*, 741 F.3d 955, 957–58 (9th Cir. 2013) (holding that *pro hac vice* fees are not recoverable as costs), *with Craftsman Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894, 898 (10th Cir. 2009) (holding that *pro hac vice* fees are recoverable as costs). I agree with Texas that *pro hac vice* fees are not recoverable as costs. However, because Texas did not adequately brief this issue, I agree that the award should be affirmed in this respect.